UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAD WILLIAMS, <br><br>      Plaintiff, <br><br> v. <br><br> REDBOX ENTERTAINMENT, INC., GALEN C. SMITH, GREGORY W. FRENZEL, NEAL P. GOLDMAN, KIMBERLY KELLEHER, and ROBERT W. WARSHAUER, <br><br>      Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  This action stems from a proposed transaction announced on May 11, 2022 (the "Proposed Transaction"), pursuant to which Redbox Entertainment, Inc. ("Redbox" or the "Company") will be acquired by Chicken Soup for the Soul Entertainment, Inc. ("Parent"), RB First Merger Sub Inc. ("Merger Sub I"), RB Second Merger Sub LLC ("Merger Sub II"), Redwood Opco Merger Sub ("Opco Merger Sub"), and Redwood Intermediate LLC ("Opco LLC").

2.  On May 10, 2022, Redbox's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into a merger agreement (the "Merger Agreement") with Parent, Merger Sub I, Merger Sub II, Opco Merger Sub, and Opco LLC.  Pursuant to the terms of the Merger Agreement, Redbox's stockholders will receive 0.087 shares of Parent common stock for each share of Redbox common stock they own.

3. On June 16, 2022, defendants filed a registration statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Redbox common stock.

9. Defendant Redbox is a Delaware corporation and a party to the Merger Agreement. Redbox's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "RDBX."

10. Defendant Galen C. Smith is Chief Executive Officer and a director of the Board of the Company.

11. Defendant Gregory W. Frenzel is a director of the Company.

12. Defendant Neal P. Goldman is a director of the Company.

13. Defendant Kimberly Kelleher is a director of the Company.

14. Defendant Robert H. Warshauer is a director of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

16. Redbox is a leading entertainment company that gives consumers access to a large variety of content across digital and physical media.

17. The Company operates a digital streaming service that provides both ad supported and paid movies from Hollywood studios and hundreds of content partners, as well as over 130 channels of free ad supported streaming television.

18. On May 10, 2022, Redbox's Board caused the Company to enter into the Merger Agreement.

19. Pursuant to the terms of the Merger Agreement, Redbox's stockholders will receive 0.087 shares of Parent common stock for each share of Redbox common stock they own.

20. According to the press release announcing the Proposed Transaction:

> Chicken Soup for the Soul Entertainment, Inc. (Nasdaq: CSSE), one of the largest operators of advertising-supported video-on-demand (AVOD) streaming services, and Redbox Entertainment Inc. (Nasdaq: RDBX), a leading entertainment company, have entered into a definitive agreement under which Chicken Soup for the Soul Entertainment will acquire Redbox. . . .

Transaction Details

Under the terms of the agreement, which has been approved by the Boards of Directors of both companies, Redbox stockholders will receive a fixed exchange ratio of 0.087 of a share of class A common stock of Chicken Soup for the Soul Entertainment per Redbox share. Following the close of the transaction, Chicken Soup for the Soul Entertainment stockholders will own approximately 76.5% of the combined company, and Redbox stockholders will own approximately 23.5% of the combined company, on a fully diluted basis.

Timing and Approvals

Redbox stockholders holding approximately 86% of the Redbox voting power have entered into a voting agreement to approve the transaction. Chicken Soup for the Soul Entertainment stockholders holding approximately 91% of the voting power of Chicken Soup for the Soul Entertainment have delivered a written consent approving the transaction.

The transaction is expected to close in the second half of 2022, subject to the receipt of required regulatory approvals and other customary closing conditions. Upon closing, the combined entity will retain the name Chicken Soup for the Soul Entertainment and will continue to trade under the ticker symbol "CSSE" on the Nasdaq stock exchange.

Advisors

Guggenheim Securities, LLC is serving as financial advisor to Chicken Soup for the Soul Entertainment and Brian Ross of Graubard Miller is serving as legal counsel to Chicken Soup for the Soul Entertainment. PJT Partners and Kroll, LLC are serving as financial advisors to Redbox. Weil, Gotshal & Manges LLP is serving as legal counsel to Redbox.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

21.  Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

22.  As set forth below, the Registration Statement omits material information.

23.  First, the Registration Statement omits material information regarding the Company's, Parent's, and the pro forma company's financial projections.

24. The Registration Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

26. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Duff & Phelps.

27. With respect to Duff & Phelps' Redbox Standalone DCF Analysis, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analysis.

28. With respect to Duff & Phelps' Pro Forma Surviving Company DCF Analysis, the Registration Statement fails to disclose: (i) the terminal values used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rates and multiples used in the analysis.

29. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

30. Third, the Registration Statement fails to disclose the terms of PJT Partners' ("PJT") engagement, including: (i) the amount of compensation PJT has received or will receive in connection with its engagement; (ii) the amount of PJT's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether PJT has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by PJT for providing such services.

31. Fourth, the Registration Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained standstill and/or "don't ask, don't waive" provisions.

32. The omission of the above-referenced material information renders the Registration Statement false and misleading.

33. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Redbox**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Redbox is liable as the issuer of these statements.

36. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

37. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote

on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

39. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Redbox within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Redbox and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

     D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

     E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

     F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 30, 2022                                **RIGRODSKY LAW, P.A.**

                                                          By:  */s/ Gina M. Serra*
                                                                Gina M. Serra
                                                               825 East Gate Boulevard, Suite 300
                                                               Garden City, NY 11530
                                                               Telephone: (516) 683-3516
                                                               Email: gms@rl-legal.com

                                                               *Attorneys for Plaintiff*